

BRUCE C. YOUNG, ESQ., NV Bar No. 5560
PAIGE S. SHREVE, ESQ., NV Bar No. 13773
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
TEL: 702.893.3383
FAX: 702.893.3789
Bruce.Young@lewisbrisbois.com
Paige.Shreve@lewisbrisbois.com

*Attorneys for Defendant OPTIMUM CX, LLC fka
FUSION CONTACT CENTERS, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARK PREMO,<br><br>        Plaintiff,<br><br>        vs.<br><br>OPTIMUM CX, LLC, an Arizona limited liability company fka FUSION CONTACT CENTERS, LLC; DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. 3:19-cv-00121-MMD-CBC<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

    1.    Any party or non-party may designate as "Confidential" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, confidential business or financial information, or private information, including protected health information ("PHI") as defined by the Health Insurance Portability and Accountability Act ("HIPAA"), that is subject to protection under the Federal Rules of Civil Procedure and/or other federal and Nevada laws ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2. With regard to "PHI" as defined in HIPAA and it regulations (the definitions for which are found in 45 C.F.R. 160.103), the parties agree that PHI that is not relevant to the legal claims being pursued by Plaintiffs may be redacted from any production of documents, including electronically stored information ("ESI") subject to any discovery orders on record in this action. To the extent that there is a dispute regarding whether any such PHI is relevant to Plaintiffs' claims, the Parties agree to meet and confer regarding the relevance of such PHI. If the Parties are unable to agree regarding the relevance of such PHI, the Parties shall follow the procedures described in Paragraph 9, below.

3. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential" Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

4. All information produced or exchanged in the course of this case, including deposition testimony or video (other than information that is publicly available), shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

5. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    a. counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-2299-8420.1                2

b.    employees of such counsel;

c.    individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

d.    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

e.    any authors or recipients of the Confidential Information;

f.    the Court, Court personnel, and court reporters; and

g.    witnesses (other than persons described in Paragraph 5(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

6.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7.    Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   seeking to file a paper under seal bears the burden of overcoming the presumption in favor of

2   public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172

3   (9th Cir. 2006).

4       8.    A party may designate as "Confidential" documents or discovery materials

5   produced by a non-party by providing written notice to all parties of the relevant document

6   numbers or other identification within thirty (30) days after receiving such documents or discovery

7   materials. Any party or non-party may voluntarily disclose to others without restriction any

8   information designated by that party or non-party as confidential, although a document may lose

9   its confidential status if it is made public.

10      9.    If a party contends that any material is not entitled to confidential treatment, such

11  party may at any time give written notice to the party or non-party who designated. the. material.

12  The party or non-party who designated the material shall have twenty-five (25) days from the

13  receipt of such written notice to apply to the Court for an order designating the material as

14  confidential.  The party or non-party seeking the order has the burden of establishing that the

15  document is entitled to protection.

16      10.   Notwithstanding any challenge to the designation. of material. as Confidential

17  Information, all documents shall be treated as such and shall be subject to the provisions hereof

18  unless and until one of the following occurs:

19          a.    the party or non-party who claims that the material is Confidential

20                Information withdraws such designation in writing; or

21          b.    the party or non-party who claims that the material s Confidential

22                Information fails to apply to. the Court for an order designat.ng the material

23                confidential within the time period specified above after receipt of a written

24                challenge to such designation; or

25          c.    the Court rules the material is not confidential.

26      11.   All provisions of this Order restricting the communication or use of Confidential

27  Information shall continue to be binding after the conclusion of this action, unless otherwise

28  agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-2299-8420.1                    4

1  Information, other than that which is contained in pleadings, correspondence, and deposition

2  transcripts, shall either (a) return such. documents no later than thirty (30) days after conclusion of

3  this action to counsel for the party or non-party who provided such information, or (b) destroy

4  such documents within the time period upon consent of the party who provided the information

5  and certify in writing within thirty (30) days that the documents have been destroyed.

6       12.    The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use

7  of documents at trial.

8       13.    Nothing herein shall be deemed to waive any applicable privilege or work product

9  protection, or to affect the ability of a party to seek. relief for an inadvertent disclosure of material

10  protected by privilege or work product protection.

11       14.    Any witness or other person, firm or entity from which discovery is sought may be

12  informed of and may obtain the protection of this Order by written advice to the parties' respective

13  counsel or by oral advice at the time of any deposition or similar proceeding.

14  DATED this 16th day of April, 2019.     DATED this 16th day of April, 2019.

15  **MOORE LAW GROUP, P.C.**     **LEWIS BRISBOIS BISGAARD & SMITH LLP**

16  */s/ John D. Moore*     */s/ Bruce C. Young*

17  John D. Moore, Esq.     Bruce C. Young, Esq.
   3715 Lakeside Drive, Suite A     Paige S. Shreve, Esq.

18  Reno, NV 89509     6385 S. Rainbow Boulevard, Suite 600
   Tel:  (775) 336-1600     Las Vegas, Nevada 89118

19  Email: john@moore-lawgroup.com     *Attorneys for Defendant Spring Valley Health*
   *Attorney for Plaintiff Mark Premo*     *Care, LLC d/b/a Spanish Hills Wellness Suites*

20

21                             **ORDER**

22       IT IS SO ORDERED:

23

24                          UNITED STATES MAGISTRATE JUDGE

25

26                     DATED: 4/18/2019

27

28

## EXHIBIT A

### CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Information supplied in connection with United States District Court Case No. CASE NO. 3:19-cv-00121-MMD-CBC. I certify that I understand that the Confidential Information is provided to me subject to the terms and restrictions of the Stipulated Confidentiality and Protective Order filed in this Proceeding. I have been given a copy of the Stipulated Confidentiality and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Information, as defined in the Stipulated Confidentiality and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulated Confidentiality and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Information obtained pursuant to this Stipulated Confidentiality and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Information provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the United States of America and State of Nevada, that the foregoing is true and correct. Executed this ___ day of _____, 2019.

BY: _____
Signature
Title

Address

City, State, Zip

Telephone Number

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4838-2299-8420.1                                          6